UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER,<br><br>          Plaintiff,<br><br>     v.<br><br>LISA GAMOIAN, et al.,<br><br>          Defendants. | Case No.   1:22-cv-00799-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>(ECF No. 3)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Ricky Tyrone Foster is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1). On June 27, 2022, Plaintiff file an application to proceed *in forma pauperis* in this action. (ECF No. 3).

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

**I.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

Plaintiff's *in forma pauperis* application is governed by 28 U.S.C. § 1915. Pertinent here is the so called "three strikes provision."

In no event shall a prisoner bring a civil action . . . under this section if the prisoner

1

has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

## II.     ANALYSIS

### A.     Strikes

Plaintiff filed this action on June 27, 2022. (ECF No. 1). As an initial matter, Plaintiff acknowledges in his complaint that he has had at least three "strikes" but argues that he has satisfied the imminent-danger requirement. (*Id.* at 4) ("The Plaintiff has suffered a total of [] [f]our prior actions [that were] dismissed for failure to state a claim, which these strikes do[] not bar the plaintiff from proceeding [i]n forma [p]auperis when he is in 'continued [i]mminent danger of serious physical injury.'") (underlining omitted). Upon review of Plaintiff's prior cases, the Court concludes that, prior to Plaintiff filing the instant action, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of the following three cases, each of which counts as a "strike": (1) *Foster v. Nunes, et al.*, Case No. 1:98-cv-05285-SMS (E.D. Cal.) (filed Mar. 24, 1998) (ECF Nos. 12, 13) (dismissing case for failure to state a claim in September 1998); (2) *Foster v. Vera, et al.*, Case No. 1:99-cv-05034-OWW-SMS (E.D. Cal.) (filed January 12, 1999) (ECF Nos. 14, 15, 16) (dismissing case for failure to state a claim in April 2000); (3) *Foster v. Garcia, et al.*, Case No. 3:00-cv-00347-IEG-CGA (S.D. Cal.) (filed February 17, 2000) (ECF Nos. 2, 3) (dismissing case for failure to state a claim in April 2000).

Additionally, the Court notes that Plaintiff has been found by other courts to have incurred at least three "strikes": (1) *Foster v. Land O'Frost, Inc., et al.*, Case No. 3:00-cv-02428-IEG-

2

CGA (S.D. Cal.) (filed Dec. 6, 2000) (ECF No. 4, p. 4) ("Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and does not claim to be under imminent danger of serious physical injury, he may not proceed IFP in this action."); (2) *Foster v. District Attorney's Office, et al.*, Case No. 1:06-cv-00819-AWI-SMS (E.D. Cal.) (filed May 11, 2006) (ECF Nos. 22, 24) (concluding that Plaintiff had three "strikes"); (3) *Foster v. Williams, et al.*, Case No. 2:14-cv-01662-UA-FFM (C.D. Cal.) (filed Mar. 6, 2014) (ECF No. 2) (concluding that Plaintiff had three "strikes").

### B.  Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

Plaintiff's complaint brings a single cause of action against three Defendants who are current or retired Fresno County Superior Court Judges—Judge Lisa M. Gamoian, Judge Alan M. Simpson (identified as retired), and Judge Brian F. Alvarez. (ECF No. 1, p. 2). The allegations revolve around Plaintiff's 1994 criminal conviction, indicating that Judge Gamoian was a prosecutor at the time and failed to turn over DNA lab results in Plaintiff's case. (*Id.* at 7-9).

Plaintiff states that, in 2014, he discovered the DNA results, and in 2016, learned about California Penal Code § 1405(a), which provides as follows: "A person who was convicted of a felony and is currently serving a term of imprisonment may make a written motion, pursuant to subdivision (d), before the trial court that entered the judgment of conviction in his or her case, for performance of forensic deoxyribonucleic acid (DNA) testing." Cal. Penal Code § 1405(a). Plaintiff filed a motion under this statute in December 2016, but "the trial court abuse its judicial discretion" by denying "the motion because the Plaintiff served the court with the motion and claimed that the Plaintiff never served a copy of the motion upon either the Attorney General's Office or [Judge Gamoian,] which was untrue as the proof of service attached to the motion supports the court and [Judge Gamoian] were served but not the Attorney General's Office."[1] (ECF No. 1, p. 9). Plaintiff alleges that Judge Gamoian failed to timely respond to the motion under § 1405(d)(2), which provides as follows: "Responses, if any, shall be filed within 90 days of the date on which the Attorney General and the district attorney are served with the motion, unless a continuance is granted for good cause." Cal. Penal Code § 1405(d)(2).

Plaintiff then describes his subsequent litigation regarding his motion, alleging that Judges Simpson and Alvarez both "abused [their] judicial discretion" in their rulings. (ECF No. 1, p. 10). He then describes a state court § 1983 action he filed against Defendants in the Fresno County Superior Court, indicating that the case was ultimately dismissed. (ECF No. 1, pp. 11-12). As for relief, Plaintiff seeks orders that would lead to him having a DNA hearing under § 1405.

With this backdrop in mind the Court turns to Plaintiff's argument that he is in imminent danger of serious physical injury. Plaintiff asserts that while being imprisoned, he has suffered an "incurable" infection from H. Pylori; has been subjected to the danger of contracting COVID;

---

[1] Minor alterations, such as correcting misspellings and altering capitalization, have been made to some of Plaintiff's quoted statements without indicating each alteration.

was assaulted by prison guards, leading to him suffering from seven untreated broken ribs; and is at risk of ongoing retaliation from prison guards. (ECF No. 1, pp. 4-5). However, such allegations are insufficient to show that there is a real and imminent threat to Plaintiff's personal safety under the standards described above.

As noted, under the nexus requirement, Plaintiff must allege an "imminent danger fairly traceable" to Defendants' conduct. *Ray*, 31 F.4th at 701. Plaintiff's theory seems to be that he remains incarcerated, and thus subject to the circumstances listed above, because Defendants have hampered his ability to secure DNA testing, implicitly suggesting that such testing might lead to his release from prison and thus relieve him from the dangers posed by his incarceration. However, Plaintiff's assertion of "imminent danger due to his prison housing conditions" is too attenuated from Defendants' role in Plaintiff's state court litigation to be considered "fairly traceable" for purposes of § 1915(g). *Id.* (concluding that allegation of imminent danger due to prison housing conditions was not fairly traceable to alleged censorship and confiscation of prison mail). Importantly, Plaintiff provides no basis to believe that Defendants' role in his state court litigation has itself contributed to the dangers he allegedly faces in prison, *e.g.*, that Defendants' conduct has subjected him to the danger of contracting COVID while in prison.

Additionally, the dangers that Plaintiff states that he faces refer to past events or are only summarily alleged. For example, while Plaintiff mentions having his ribs broken from a past use of excessive force, he offers no specific facts (not to mention facts related to his complaint) that, at the time he filed the complaint, he was in imminent danger from such excessive use of force. Moreover, Plaintiff's allegations concerning the general risks of COVID transmission and H. Pylori infection, which relate to him being in the prison population and not to any risk specific to him at the time he filed his complaint, are too conclusory to conclude that Plaintiff meets the imminent-danger requirement under the standards above.

Accordingly, because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

### III.  CONCLUSION AND RECOMMENDATIONS

The Court concludes that, under § 1915(g), Plaintiff may not proceed *in forma pauperis* in

this action.

Accordingly, IT IS RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis* in this action (ECF No. 3) be denied; and

2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 7, 2022**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE